UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DERRICK KEVIN HEAD | CIVIL ACTION

VERSUS | NO: 20-1612

ST. TAMMANY PARISH SHERIFF RANDY SMITH | SECTION: "A" (4)

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 18)** filed by the defendant, St. Tammany Parish Sheriff Randy Smith. The pro se plaintiff, Derrick Kevin Head, has not responded to the motion.[1] The motion, noticed for submission on September 1, 2021, is before the Court on the briefs without oral argument.

This case arises out of Derrick Head's incarceration as a pretrial detainee at the St. Tammany Parish Jail. The 42 U.S.C. § 1983 pleading form, which is dated April 23, 2020, complains of events that occurred over a 15 day period, obviously at some point in time prior to the complaint being filed. Head's complaints are as follows: Head was housed on hard concrete and his blanket was taken every weekend (by whom is not stated). Further, the holding cell was so overcrowded that Head could not move and some people had to sleep under the toilet. Head advises that he is willing to accept $1.5 million dollars to redress the conditions that he endured.[2]  (Rec. Doc. 1, Complaint at 5).

---

[1] The certificate of service that accompanies the motion, which is signed by counsel, states that unrepresented parties have been sent a copy of the motion through U.S. mail. (Rec. Doc. 18 at 2). Unrepresented parties do not receive electronic filing notices from the CM/ECF system.

[2] The record indicates that on August 25, 2021, the parties participated in a settlement conference with the magistrate judge but the negotiations were not successful and a settlement was not reached. (Rec. Doc. 19, Minute Entry).

1

The sole defendant in this case is Sheriff Smith, who while not alleged to have any personal involvement in the complained of events, presumably runs the jail and sets policy for that facility.

A telephone status conference is set for September 30, 2021, and a jury trial is scheduled for October 18, 2021. (Rec. Doc. 16, Scheduling Order).

Sheriff Smith now moves for summary judgment on essentially two issues: 1) that Head's complaint must be dismissed because he did not administratively exhaust his claims prior to filing suit, and 2) that the "horrible" conditions that Head complains about do not rise to the level of a constitutional violation.[3]

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing*

---

[3] Because Sheriff Smith was not personally involved in the events at issue, the claims asserted against him are necessarily official capacity claims, not personal capacity claims. Therefore, the defense of qualified immunity, which was argued in the motion for summary judgment, is not applicable. *See Universal Amusement Co. v. Hofheinz*, 646 F.2d 996 (5th Cir. 1981).

Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

Regarding Sheriff Smith's first issue, that of administrative exhaustion, ordinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court. *Porter v. Nussle*, 534 U.S. 516, 523 (2002) (citing *Patsy v. Board of Regents of Fla.,* 457 U.S. 496, 516 (1982)). But 42 U.S.C. § 1997e(a), Suits by Prisoners, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This mandate, which is part of the Prison Litigation Reform Act, applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter*, 534 U.S. at 532. Importantly, the court has no discretion to excuse a failure to exhaust, even to take "special circumstances" into account. *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (citing *Miller v. French,* 530 U.S. 327, 337 (2000)).

But § 1997e(a) does contain a textual exception to exhaustion insofar as the exhaustion requirement hinges on the "availab[ility]" of administrative remedies; an inmate's ability to file suit cannot be thwarted based on unavailable remedies. *Id.* at 1858. An administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. *Id.* at 1859 (citing *Booth v. Churner,* 532 U.S. 731, 736 (2001)). When the facts on the ground demonstrate that the potential for "some relief" does not exist, the inmate has no obligation to exhaust the remedy. *Id.* at 1859 (quoting *Booth*, 532 U.S. at 738).

It is undisputed that Head did not file an administrative complaint with the jail to exhaust his grievances before he filed suit in this Court. On the form complaint Head acknowledged that the jail does have a grievance procedure but he checked "no" when asked if had presented the facts relating to the § 1983 complaint in the prisoner grievance procedure. (Rec. Doc. 1, Complaint at 2 § II(B)). When answering the question why he had not done so, Head answered, "They wouldn't allowed [sic] me to. I was denied a grievance after asking for one." *Id.* at 3 § II(D)). Nothing in the record expounds upon these statements and whether perhaps the grievance procedure was "unavailable" to Head thereby relieving Head of the obligation to exhaust prior to filing suit.

Therefore, out of an abundance of caution, rather than rejecting Head's case based on the failure to exhaust, the Court turns to Sheriff Smith's second issue which is that the "horrible" conditions that Head complains about do not rise to the level of a constitutional violation. The Fourteenth Amendment prohibits the "imposition of conditions of confinement on pretrial detainees that constitute 'punishment.'" *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004) (quoting *Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir.1996)); *Bell v. Wolfish,*

4

441 U.S. 520, 535 (1979). Overcrowding of persons in custody is not *per se* unconstitutional. *Collins*, 382 F.3d at 540 (citing *Rhodes v. Chapman,* 452 U.S. 337, 347–50 (1981)). There is a *de minimis* level of imposition that does not give rise to a constitutional claim. *Bell*, 441 U.S. at 539 n.21 (quoting *Ingraham v. Wright,* 430 U.S. 651, 674 (1977)).

The Court agrees with Sheriff Smith's contention that the conditions that Head complains about, while not favorable, are *de minimis* and do not rise to the level of a constitutional violation. There is no suggestion that Head was deprived of basic human needs or that the conditions he complains about posed a substantial risk to his safety.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 18)** filed by the defendant, St. Tammany Parish Sheriff Randy Smith is **GRANTED.** The complaint filed by Derrick Kevin Head in proper person is **DISMISSED WITH PREJUDICE**. A final judgment shall be entered in favor of the defendant and against the plaintiff.

September 13, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE